THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IVAN L. ALEKSEYEVETS,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>          Defendant. | CASE NO. C10-2058-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE |

The Court, having reviewed Plaintiff's complaint (Dkt. No. 3), the report and recommendation of U.S. Magistrate Judge Brian A. Tsuchida (Dkt. No. 25), Plaintiff's objections to the report and recommendation (Dkt. No. 26), Defendant's response to Plaintiff's objections (Dkt. No. 27), and the remainder of the record, hereby ADOPTS the report and recommendation and DISMISSES this case with prejudice.

I.    BACKGROUND

In 1997, Plaintiff filed a claim for Supplemental Security Income ("SSI") disability benefits, which resulted in a final decision finding non-disability, issued June 26, 2005, which Plaintiff did not appeal further. On June 27, 2006, Plaintiff again filed for SSI disability benefits. On August 31, 2006, this second claim was denied, initially, and on February 13, 2007, it was denied on reconsideration. On February 26, 2007, Plaintiff requested a hearing before an

administrative law judge ("ALJ").

On November 4, 2008, Administrative Law Judge John Bauer (hereinafter, "the ALJ") held a hearing with Plaintiff, his attorney, an interpreter, a medical expert, and a vocational expert in attendance. On November 20, 2008, the ALJ found Plaintiff not disabled. On November 21, 2008, Plaintiff requested administrative review. On November 20, 2010, the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner.

On December 27, 2010, Plaintiff filed a complaint in federal court requesting that the final decision of the Commissioner be reviewed, reversed, and set aside. (Dkt. No. 6.) On January 13, 2011, the case was referred to the U.S. Magistrate Judge Tsuchida for review of the administrative record and preparation of a report and recommendation. (Dkt. No. 7.) On August 31, 2011, Judge Tsuchida issued his report and recommended that the ALJ's decision be affirmed. (Dkt. No. 25.) Plaintiff objects to the report and recommendation. (Dkt. No. 26.)

**II.   DISCUSSION**

The district court must make a de novo determination of those portions of a magistrate judge's report or specified proposed findings or recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

Plaintiff's objection to the report and recommendation relates to the fact that the ALJ did not explicitly analyze Plaintiff's mental impairment claims pursuant to the special "psychiatric review technique" ("PRTF"). The Social Security Regulations require application of this technique when evaluating the severity of "medically determinable mental impairments." *See* 20 CFR § 416.920a. An ALJ is required to document application of the technique in his or her decision. 20 CFR § 416.920a(e)(4). In certain situations where the ALJ failed to document application of this special technique, the Ninth Circuit has reversed and remanded for further administrative review. *See Keyser v. Commissioner Social Sec. Admin.*, 648 F.3d 721 (9th Cir. 2011); *Gutierrez v. Apfel*, 199 F.3d 1048 (9th Cir. 2002).

Here, the magistrate judge found that the ALJ's failure to follow the PRTF process did not necessitate remand, explaining that remand on this basis is only required if the claimant had a "colorable claim of a mental impairment," which was not the case here. (Dkt. No. 25 at 15-16.) Plaintiff takes issue with this finding and posits that the magistrate judge's assessment of the relevant law is flawed. Specifically, Plaintiff alleges that the magistrate judge improperly imposed a "colorability" requirement for triggering the PRTF requirement that is not found in the applicable regulations. (Dkt. No. 26 at 5.)

The Court finds that Magistrate Judge Tsuchida's interpretation of the law is correct. While the term "colorability" is not found in the relevant regulatory provisions, the Ninth Circuit has established that a failure to conduct PRTF analysis only constitutes reversible error where a claimant has presented a "colorable claim of mental impairment." *See Keyser*, 648 F.3d at 726-727 (finding that an administrative law judge's failure to conduct a PRTF analysis is reversible error "if the claimant has a colorable claim of mental impairment"); *Gutierrez*, 199 F.3d at 1051 (same). As the magistrate judge correctly found, a claim is considered "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." (Dkt. No. 25 at 15 (quoting *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987)).)

The Court finds that the ALJ's determination that Plaintiff had no material claim of mental impairment was based on a reasonable interpretation of the evidence. It is therefore proper to uphold that decision. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (holding that where an administrative law judge "has made specific findings justifying a decision to disbelieve [a claim], and those findings are supported by substantial evidence in the record, [the court's] role is not to second-guess that decision"); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that "where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld").

The administrative law judge ("ALJ") adopted the findings of a medical expert – William Spence, M.D. – in concluding that Plaintiff did not have a medically determinable mental

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE
WITH PREJUDICE
PAGE - 3

1   impairment. (*See* Dkt. No. 12-2 at 20, 22.) The ALJ explained that he preferred Dr. Spence's

2   medical assessment over other opinions on the record because he was the only individual who

3   had reviewed the entire record, and therefore "possess[ed] a better foundation for his opinions

4   than others found in the record." (*See* Dkt. No. 12-2 at 22.) The ALJ's decision reflects other

5   valid reasons for crediting Dr. Spence's testimony on Plaintiff's alleged mental impairments over

6   other medical assessments. Specifically, the ALJ noted that (1) a psychologist's report in 2006

7   that diagnosed Plaintiff with depression was vague and inconsistent with a contemporaneous

8   psychological assessment and a recent neurological examination (Dkt. No. 12-2 at 20); and (2)

9   with the exception of Plaintiff's back issues, the various medical issues (including mental health

10  issues) mentioned in the treating notes of a physician's assistant were not severe, and the

11  physician's assistant was not, in any case, an acceptable medical source. (Dkt. No. 12-2 at 21.)[1]

12          In sum, the Court finds that the ALJ reasonably interpreted the medical evidence and

13  found a lack of mental impairment. As discussed above, pursuant to Ninth Circuit precedent,

14  where there is no colorable claim of mental impairment, a reviewing court will not reverse the

15  ALJ's decision for failure to conduct a PRTF analysis. Accordingly, the Court agrees with the

16  magistrate judge that the final administrative determination, denying benefits, should be

17  affirmed.

18  **III.    CONCLUSION**

19          For the foregoing reasons, the Court orders as follows:

20          (1)     The Court ADOPTS the Report and Recommendation (Dkt. No. 25).

21          (2)     The final decision of the Commissioner is AFFIRMED, and this case is

---

[1] In light of the procedural posture of the case, the ALJ did not need to address a 2004 psychological assessment (*see* Dkt. No. 12-12 at 65-72) since it pre-dated the time period relevant to this disability claim. (*See* Dkt. No. 12-2 at 18 (noting that, in light of claimant's prior disability claim, the doctrine of *res judicata* applied to the issue of claimant's disability up to June 29, 2005).)

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE
WITH PREJUDICE
PAGE - 4

1 DISMISSED with prejudice.

2     (3)    The Clerk is directed to send copies of this Order to the parties and to Judge
3 Tsuchida.

4     DATED this 6th day of January 2012.

/s/ John C. Coughenour<br>
John C. Coughenour<br>
UNITED STATES DISTRICT JUDGE