UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IVAN L. ALEKSEYEVETS,

                Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

            Defendant.

CASE NO. C10-2058-JCC

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE WITH
PREJUDICE

The Court, having reviewed Plaintiff's complaint (Dkt. No. 3), the report and recommendation of U.S. Magistrate Judge Brian A. Tsuchida (Dkt. No. 25), Plaintiff's objections to the report and recommendation (Dkt. No. 26), Defendant's response to Plaintiff's objections (Dkt. No. 27), and the remainder of the record, hereby ADOPTS the report and recommendation and DISMISSES this case with prejudice.

## I.    BACKGROUND

In 1997, Plaintiff filed a claim for Supplemental Security Income ("SSI") disability benefits, which resulted in a final decision finding non-disability, issued June 26, 2005, which Plaintiff did not appeal further. On June 27, 2006, Plaintiff again filed for SSI disability benefits. On August 31, 2006, this second claim was denied, initially, and on February 13, 2007, it was denied on reconsideration. On February 26, 2007, Plaintiff requested a hearing before an

1    administrative law judge ("ALJ").

2           On November 4, 2008, Administrative Law Judge John Bauer (hereinafter, "the ALJ")

3    held a hearing with Plaintiff, his attorney, an interpreter, a medical expert, and a vocational

4    expert in attendance. On November 20, 2008, the ALJ found Plaintiff not disabled. On

5    November 21, 2008, Plaintiff requested administrative review. On November 20, 2010, the

6    Appeals Council declined review, making the ALJ's decision the final decision of the

7    Commissioner.

8           On December 27, 2010, Plaintiff filed a complaint in federal court requesting that the

9    final decision of the Commissioner be reviewed, reversed, and set aside. (Dkt. No. 6.) On

10   January 13, 2011, the case was referred to the U.S. Magistrate Judge Tsuchida for review of the

11   administrative record and preparation of a report and recommendation. (Dkt. No. 7.) On August

12   31, 2011, Judge Tsuchida issued his report and recommended that the ALJ's decision be

13   affirmed. (Dkt. No. 25.) Plaintiff objects to the report and recommendation. (Dkt. No. 26.)

14   **II.    DISCUSSION**

15          The district court must make a de novo determination of those portions of a magistrate

16   judge's report or specified proposed findings or recommendations to which a party objects. 28

17   U.S.C. § 636(b)(1).

18          Plaintiff's objection to the report and recommendation relates to the fact that the ALJ did

19   not explicitly analyze Plaintiff's mental impairment claims pursuant to the special "psychiatric

20   review technique" ("PRTF"). The Social Security Regulations require application of this

21   technique when evaluating the severity of "medically determinable mental impairments." *See* 20

22   CFR § 416.920a. An ALJ is required to document application of the technique in his or her

23   decision. 20 CFR § 416.920a(e)(4). In certain situations where the ALJ failed to document

24   application of this special technique, the Ninth Circuit has reversed and remanded for further

25   administrative review. *See Keyser v. Commissioner Social Sec. Admin.*, 648 F.3d 721 (9th Cir.

26   2011); *Gutierrez v. Apfel*, 199 F.3d 1048 (9th Cir. 2002).

Here, the magistrate judge found that the ALJ's failure to follow the PRTF process did not necessitate remand, explaining that remand on this basis is only required if the claimant had a "colorable claim of a mental impairment," which was not the case here. (Dkt. No. 25 at 15-16.) Plaintiff takes issue with this finding and posits that the magistrate judge's assessment of the relevant law is flawed. Specifically, Plaintiff alleges that the magistrate judge improperly imposed a "colorability" requirement for triggering the PRTF requirement that is not found in the applicable regulations. (Dkt. No. 26 at 5.)

The Court finds that Magistrate Judge Tsuchida's interpretation of the law is correct. While the term "colorability" is not found in the relevant regulatory provisions, the Ninth Circuit has established that a failure to conduct PRTF analysis only constitutes reversible error where a claimant has presented a "colorable claim of mental impairment." *See Keyser*, 648 F.3d at 726-727 (finding that an administrative law judge's failure to conduct a PRTF analysis is reversible error "if the claimant has a colorable claim of mental impairment"); *Gutierrez*, 199 F.3d at 1051 (same). As the magistrate judge correctly found, a claim is considered "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." (Dkt. No. 25 at 15 (quoting *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987)).)

The Court finds that the ALJ's determination that Plaintiff had no material claim of mental impairment was based on a reasonable interpretation of the evidence. It is therefore proper to uphold that decision. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (holding that where an administrative law judge "has made specific findings justifying a decision to disbelieve [a claim], and those findings are supported by substantial evidence in the record, [the court's] role is not to second-guess that decision"); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that "where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld").

The administrative law judge ("ALJ") adopted the findings of a medical expert – William Spence, M.D. – in concluding that Plaintiff did not have a medically determinable mental

1    impairment. (*See* Dkt. No. 12-2 at 20, 22.) The ALJ explained that he preferred Dr. Spence's

2    medical assessment over other opinions on the record because he was the only individual who

3    had reviewed the entire record, and therefore "possess[ed] a better foundation for his opinions

4    than others found in the record." (*See* Dkt. No. 12-2 at 22.) The ALJ's decision reflects other

5    valid reasons for crediting Dr. Spence's testimony on Plaintiff's alleged mental impairments over

6    other medical assessments. Specifically, the ALJ noted that (1) a psychologist's report in 2006

7    that diagnosed Plaintiff with depression was vague and inconsistent with a contemporaneous

8    psychological assessment and a recent neurological examination (Dkt. No. 12-2 at 20); and (2)

9    with the exception of Plaintiff's back issues, the various medical issues (including mental health

10   issues) mentioned in the treating notes of a physician's assistant were not severe, and the

11   physician's assistant was not, in any case, an acceptable medical source. (Dkt. No. 12-2 at 21.)[1]

12           In sum, the Court finds that the ALJ reasonably interpreted the medical evidence and

13   found a lack of mental impairment. As discussed above, pursuant to Ninth Circuit precedent,

14   where there is no colorable claim of mental impairment, a reviewing court will not reverse the

15   ALJ's decision for failure to conduct a PRTF analysis. Accordingly, the Court agrees with the

16   magistrate judge that the final administrative determination, denying benefits, should be

17   affirmed.

18   **III.    CONCLUSION**

19           For the foregoing reasons, the Court orders as follows:

20           (1)      The Court ADOPTS the Report and Recommendation (Dkt. No. 25).

21           (2)      The final decision of the Commissioner is AFFIRMED, and this case is

22

23   _____

24           [1] In light of the procedural posture of the case, the ALJ did not need to address a 2004
     psychological assessment (*see* Dkt. No. 12-12 at 65-72) since it pre-dated the time period
     relevant to this disability claim. (*See* Dkt. No. 12-2 at 18 (noting that, in light of claimant's prior
25   disability claim, the doctrine of *res judicata* applied to the issue of claimant's disability up to
     June 29, 2005).)

26

1  DISMISSED with prejudice.

2      (3)    The Clerk is directed to send copies of this Order to the parties and to Judge

3  Tsuchida.

4      DATED this 6th day of January 2012.

5

6

7

8                                              John C. Coughenour
                                                UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26